[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14416
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80005-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LOUIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 30, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Antonio Louis appeals his 57-month sentence for violating 8 U.S.C.

§ 1326(a), which prohibits a previously removed alien from illegally re-entering the United States. The district court enhanced Louis's sentence pursuant to § 1326(b)(2) because Louis had an aggravated felony conviction for drug trafficking. On appeal, Louis argues that the district court violated his constitutional rights when it found that he had a previous conviction for an aggravated felony when that fact was neither alleged in the indictment nor found by a jury. Louis also argues that his sentence was substantively unreasonable because the court failed to consider the 18 U.S.C. § 3553(a) factors properly in light of his personal characteristics and the nature of the charged offense. After carefully reviewing the parties' briefs and the record, we affirm Louis's sentence.

## I. ENHANCEMENT OF SENTENCE

We review *de novo* a defendant's preserved constitutional challenge to his sentence. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). An alien who has been deported and then re-enters the United States without permission is subject to a maximum sentence of two years' imprisonment. 8 U.S.C. § 1326(a). The maximum sentence increases to twenty years' imprisonment if the alien was convicted of an "aggravated felony" before removal. *Id.* at § 1326(b)(2).

In *Almendarez-Torres v. United States*, the Supreme Court held that a

defendant's prior convictions did not need to be alleged in the indictment to sentence the defendant under 8 U.S.C. § 1326(b)(2). 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998). In *Apprendi v. New Jersey*, the Court stated that "[o]ther than the fact of a prior conviction*,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000).

Although the Supreme Court has cast doubt on *Almendarez-Torres*' continuing vitality, it has not yet overruled it. *See, e.g., id.* at 489–90, 120 S. Ct. at 2362; *Shepard v. United States*, 544 U.S. 13, 27, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring in part and concurring in the judgment) ("*Almendarez-Torres* . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided."). *Almendarez-Torres*, nonetheless, remains binding precedent in this Circuit until the Supreme Court overrules it. *See, e.g., United States v. Greer*, 440 F.3d 1267, 1273–74 (11th Cir. 2006).

When a sentencing court determines the "character" of a previous conviction, it may "examin[e] the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16, 125 S. Ct. at

3

1257 (determining whether a conviction qualified as a violent felony under the Armed Career Criminal Act). But it may not "look to police reports or complaint applications." *Id.* The court is not limited by *Shepard* from determining the character of a prior conviction from the statutory elements of the offense. *Greer*, 440 F.3d at 1275.

Louis does not challenge that his drug-trafficking conviction qualifies as an "aggravated felony" for the purposes of § 1326(b)(2). Rather, he argues that *Shepard* prohibited the judge from determining that his drug-trafficking conviction was an aggravated felony. His argument, however, is foreclosed by our precedent.

Since we consider *Almendarez-Torres* binding precedent, the district court did not err by enhancing Louis's sentenced based on prior convictions that were not alleged in the indictment or found by a jury. *See Greer*, 440 F.3d at 1273–74. Nor was the court prohibited from determining the character of Louis's conviction based on the statutory elements of the crime. *Id.* at 1275. Because Louis has not shown that the district court considered the facts of the offense and not the elements of the offense, his constitutional argument fails.

## II. REASONABLENESS OF SENTENCE

We review the reasonableness of a sentence under an abuse of discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We

review whether the sentence imposed by the district court was procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 597 (2007). Here, Louis challenges only the substantive reasonableness of his sentence.

We "review sentences for reasonableness in the light of the factors listed in 18 U.S.C. § 3553(a)." *United States v. McBride*, 511 F.3d 1293, 1296–97 (11th Cir. 2007) (per curiam) (citing *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005)). We defer to the district court's judgment as to the weight given to the § 3553(a) factors unless it made "a clear error of judgment" and imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1297–98 (citation and quotation marks omitted). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.*

We conclude that Louis has not shown that his low-end guidelines sentence was substantively unreasonable. The district court could reasonably conclude that a within-guidelines sentence was necessary to reflect the seriousness of the offense,

to promote respect for the law, and to provide just punishment for illegally re-entering the United States after a drug trafficking conviction.

We are also unconvinced by Louis's argument that a lower sentence would satisfy the purposes of the § 3553(a) factors. We defer to the district court's weighing of those factors in light of Louis's personal characteristics and circumstances and the nature of the offense. Louis fails to establish that the district court's weighing of those factors was clearly erroneous.

Finally, we reject Louis's argument that his offense was not as serious as an ordinary illegal re-entry offense because he believed that he could return to the United States after staying in Haiti for five years. His argument is belied by the record. His pre-sentence investigation report indicates that he was informed that he could not return to the United States without the Attorney General's permission. Moreover, his offense was more serious than an ordinary illegal re-entry because Louis had been previously removed after a drug-trafficking conviction. *See* 8 U.S.C. § 1326(a) and (b)(2). In light of the foregoing, Louis has not carried his burden to show that his low-end guidelines sentence was unreasonable.

**AFFIRMED.**